47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Lynn THOMAS, Plaintiff-Appellant,
v.
J. WILCOX; Marjorie Van Ochten, Defendants-Appellees.
 No. 94-1549.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1995.
 
 Before: GUY, BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 James Lynn Thomas, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $10,000 in damages and the return of his good time credits, Thomas sued a hearings investigator (Wilcox) and the hearings administrator (Van Ochten) of the Michigan Department of Corrections for allegedly violating his due process rights in relation to a major misconduct hearing. Thomas alleged that he was issued two major misconduct tickets on June 10 and 11, 1988, for disobeying an order to place his combustible papers inside his locker. His defense at the original hearing was that a different officer (Sgt. Van Sickle) had previously ordered him to keep his belongings twelve inches from his cell bars and to wait for new lockers that were on order. The hearing was rescheduled so that defendant Wilcox could obtain a statement from the officer in question. The rescheduled hearing was conducted in Thomas's absence and defendant Wilcox reported that Sgt. Van Sickle denied giving Thomas such an order. Thomas was convicted and, when he later confronted Van Sickle, that officer allegedly told him that Wilcox had not contacted him about the matter while he was on vacation and wrote a statement to that effect. Wilcox then appealed the decision and defendant Van Ochten denied his appeal. The defendants filed a motion to dismiss or for summary judgment, supported by the affidavits of defendant Wilcox and Sgt. Van Sickle.
 
 
 3
 A magistrate judge recommended that the defendant's motion to dismiss be granted in a report filed on December 21, 1993. The magistrate judge concluded that Thomas had failed to plead capacity, failed to allege inadequacies in the state post-deprivation procedure as required by Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986), and also failed to allege facts tending to show that the defendants participated in a conspiracy to convict him of a major misconduct violation. The district court overruled Thomas's objections except that regarding the capacity in which he sued the defendants and dismissed the complaint in an order and judgment filed on April 26, 1994.
 
 
 4
 On appeal, Thomas continues to argue the merits of his due process claim, explaining that he had not presented a conspiracy claim in his complaint.
 
 
 5
 Upon review, we affirm the district court's judgment because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 6
 Only Thomas's due process claim is properly before this court. Although the district court cannot be faulted for interpreting Thomas's pro se complaint as including a conspiracy claim, in his appellate brief, Thomas specifically denies ever presenting such a claim. Thus, even if he had raised such a claim in the district court, he has abandoned it on appeal and so it is not reviewable by this court. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 The district court properly granted judgment to the defendants on Thomas's procedural due process claim, but for the wrong reason. Nonetheless, we affirm because the record supports summary judgment for the defendants. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993). The district court adopted the magistrate judge's analysis of this issue, which relied on the Parratt doctrine to reject Thomas's claim. However, Parratt does not control when the state provides a procedure under which it is predictable that its officials may deprive a person of a protected right. Harris v. City of Akron, 20 F.3d 1396, 1402 (6th Cir.), cert. denied, 63 U.S.L.W. 3386 (1994). Such a procedure was the major misconduct hearing pursuant to which Thomas was placed in segregation and deprived of his good time credits. "The action of the state employees was not 'unauthorized' in the Parratt sense because the state 'delegated to them the power and authority to effect the very deprivation complained of here....' " Ibid. (quoting Zinermon v. Burch, 494 U.S. 113, 138 (1990)). The district court, therefore, erred in dismissing Thomas's claim pursuant to the Parratt doctrine.
 
 
 8
 Even though Parratt does not apply, Thomas's hearing must still be analyzed to determine whether he received the process to which he was due under the Constitution. Thomas was charged with major misconduct, for which he was entitled to prompt notice, a hearing, an opportunity to present evidence in his defense, and a written statement of the reasons for the disciplinary decision. See Wolff v. McDonnell, 418 U.S. 539, 555-74 (1974).
 
 
 9
 Thomas's procedural due process complaint centers on his alleged lack of opportunity to be present at his relisted disciplinary hearing, which was held in his absence. An inmate's right to attend a prison disciplinary hearing is one of the essential due process protections afforded by the Fourteenth Amendment. Battle v. Barton, 970 F.2d 779, 782 (11th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1300 (1993). It appears that there does exist a dispute as to the reason Thomas did not attend his relisted disciplinary hearing. However, Thomas does not allege that either of the named defendants was responsible for improperly holding the hearing in his absence. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Accordingly, the defendants are entitled to summary judgment as to this claim.
 
 
 10
 Liberally construed, Thomas's complaint also appears to allege a substantive due process violation, which the magistrate judge and district court did not specifically address. This violation consists of the alleged false evidence presented by defendant Wilcox in the form of a statement supposedly taken from Sgt. Van Sickle and presented at the relisted disciplinary hearing. Nevertheless, because the record conclusively shows that Thomas is not entitled to relief on this claim, this court need not remand the issue to the district court. See Fed.R.Civ.P. 52(a); Anderson, 477 U.S. at 250 n. 6. Even if Wilcox lied about contacting Van Sickle between the two hearings, this fact is immaterial. Wilcox's report of Van Sickle's response was not the determining factor relied upon by the hearings officer in finding Thomas guilty of disobeying a direct order; instead, the hearings officer expressly relied on the lack of conflict between the two orders allegedly given to Thomas. No reasonable juror could have found that the order to Thomas to place his combustible materials in his locker conflicted with Sgt. Van Sickle's earlier order to have no personal items within twelve inches of his cell bars. Since Thomas's defense rested entirely upon the supposed conflict in orders, he would have been found guilty of disobeying an order even if Wilcox had reported that Van Sickle did indeed issue the earlier order. For this reason, Wilcox's misconduct, if there was any, is immaterial to the outcome of this suit because it was not the cause of Thomas's deprivation. See Cameron v. City of Pontiac, Mich., 813 F.2d 782, 786 (6th Cir.1987).
 
 
 11
 Accordingly, the district court's judgment, entered on April 28, 1994, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.